UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NANCY ROBERGE, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-38-P-S |
| | ) | |
| LUPO LLC, et al., | ) | |
| | ) | |
|     Defendants | ) | |

*MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND*

The plaintiff, Nancy Roberge, moves for leave to amend her complaint to add claims under the federal Family Medical Leave Act ("FMLA") and the Maine Family Medical Leave Requirements. I deny the motion.

The plaintiff filed her complaint in this action on February 6, 2008. Docket No. 1. A scheduling order issued on February 29, 2008, setting the deadline for amendment of the pleadings at May 15, 2008, and the deadline to complete discovery at July 31, 2008. Scheduling Order (Docket No. 9) at 2. The discovery deadline was extended to September 1, 2008 at the unopposed request of the plaintiff. Docket No. 15. This motion for leave to amend the complaint was filed on September 5, 2008. Docket No. 19.

The motion was filed after the expiration of the extended discovery deadline and almost four months after the deadline for amendment of the pleadings. The plaintiff contends that her request for leave is based on deposition testimony given on September 2, 2008, by Ira Rosenberg, the owner of the defendant corporations, to the effect that "he had been involved in the decision to 'fire' Roberge, . . . and that the reason that he became determined to 'get her

1

fired' was that Roberge was attending a concert during the period that she required her leave." Plaintiff's Motion for Leave to Amend Her Complaint ("Motion") (Docket No. 19) at 3. She asserts that this "revelation" from Rosenberg "comes, for the first time, more than two and a half years after Roberge's termination" and that the failure of the defendants to mention it earlier "is evidence of pretext." *Id*. at 4. She argues that she did not include the proposed new claims in her initial complaint "because she was not yet aware of facts to support the claim." *Id*. at 7.

Undue delay may result in denial of a motion for leave to amend. *Larocca v. Borden, Inc.*, 276 F.3d 22, 32 (1st Cir. 2002). This court requires that a motion to amend filed after the deadline for amendment set by a scheduling order establish good cause[1] or excusable neglect. *Kropp v. School Union No. 44*, 238 F.R.D. 329, 330-31 (D. Me. 2006). I conclude that the plaintiff has demonstrated neither.

To assert a claim of illegal retaliation under the FMLA[2] a plaintiff must allege

> that: (1) she is protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave.

*Caldera v. County of El Paso,* 520 F.Supp.2d 846, 856 (W.D. Tex. 2007). In connection with a motion for summary judgment, the First Circuit set out these elements slightly differently: a plaintiff must show that

> (1) [s]he availed [her]self of a protected right under the FMLA; (2) [s]he was adversely affected by an employment decision; (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action.

*Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 161 (1st Cir. 1998) (citation omitted).

---

[1] The "good cause" standard "emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).
[2] The parties appear to agree that the plaintiff's claim under the Maine Family and Medical Leave Requirements law should be analyzed in the same manner as the FMLA claim. *See also Martin v. Inhabitants of City of Biddeford*, 261 F.Supp.2d 34, 39 (D. Me. 2003).

Here, the plaintiff cannot reasonably contend that she was not aware before the deadline for amending her pleadings that she had, from her point of view, availed herself of a protected right under the FMLA or that she had been adversely affected by an employment decision. The "revelation" to which she refers has no bearing on either of these elements of her proposed retaliation claim.

With respect to the third element, it also was, or should have been, apparent to the plaintiff before the deadline for amending her pleadings that there was temporal proximity between her use of what she now characterizes as FMLA leave and the adverse employment decision of which she complains. "Temporal proximity alone may be sufficient to establish the necessary causal connection." *LaFortune v. Fiber Materials, Inc.*, 2004 WL 2378861 (D. Me. Oct. 25, 2004), at *6 (citing *Che v. Massachusetts Bay Transp. Auth.*, 342 F.3d 31, 38 (1st Cir. 2003)). The plaintiff either did not, or should not have, only become aware of illegal FMLA retaliation when Rosenberg (assuming that he was one of the decision-makers involved in her termination) testified that he wanted her fired as soon as he learned that she had allegedly abused her medical leave or misrepresented the severity of her medical condition.[3] On the contrary, she had sufficient evidence to support this claim at the time the original complaint was filed.[4] *See Caldera*, 520 F.Supp.2d at 856. Notice pleading is, after all, all that is required in the federal courts.

---

[3] According to the proposed amended complaint, the FMLA leave took place from May through July 2005, Plaintiff's Proposed First Amended Complaint (Attachment 1 to Docket No. 19) ¶ 28, and the plaintiff was involuntarily terminated on or about February 8, 2006. *Id*. ¶ 24. The six-month difference is explained, according to the plaintiff, "by the fact that Defendants were afraid to terminate Roberge prior to finding a replacement." Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint ("Reply") (Docket No. 21) at 6.

[4] Contrary to repeated suggestions in the plaintiff's motion and reply memorandum, Motion at 2, 2-3, 4, 8; Reply at 2, the defendants were under no obligation to mention the plaintiff's use of medical leave during proceedings before the Maine Human Rights Commission or during processing of her worker's compensation claim, or to indicate any causal connection between her leave and her termination in their responses to her interrogatories or her counsel's questions at deposition. The plaintiff set the parameters of her investigation by the content of her complaint or claim, and posed the questions at issue.

Case 2:08-cv-00038-GZS   Document 43   Filed 10/21/08   Page 4 of 5   PageID #: 1525

Under these circumstances, the plaintiff cannot establish good cause for her failure to plead her retaliation claim in a timely fashion. Nor can she establish excusable neglect, an alternative that, it may be inferred, she has argued. Excusable neglect is

> a balancing test which requires an equitable determination, taking account of all relevant circumstances surrounding the party's omission. These circumstances include: the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Nickerson-Malpher v. Baldacci*, 247 F.R.D. 223, 224 (D. Me. 2008) (citations and internal punctuation omitted). Here, the plaintiff's assertions that granting her motion "will not result in delay in the pending case" and will "save the Court's time," and that, if the motion is denied, she will "file[] a separate action against Defendants to pursue her FMLA and FMLR claims," thus causing "significantly more costs for both parties," Motion at 8, ring hollow. If an entirely new theory of the case is to be added at this point, after discovery has been completed and the defendants have filed a motion for summary judgment (Docket No. 22), it should be obvious that the defendants would be entitled to further discovery and that this action will inevitably be delayed. Plaintiff's assertion that she "would not object to a short extension of the discovery deadline and re-opening of [her] deposition for purposes of covering these topics," Reply at 3, proves inadequate. The plaintiff cannot add an entirely new claim to her lawsuit at this late date and then proceed to control the amount or timing of discovery provided to the defendants on that claim.

This court should not sanction the delay inherent in the granting of the plaintiff's motion, under these circumstances. The plaintiff's suggestion that she will bring a second, separate action if this motion is denied is a matter that is entirely up to her, and that can be addressed by

4

this court at that time. This case will proceed on the established schedule that was appropriately set when she brought her initial complaint.

The motion for leave to amend is **DENIED.**

Dated this 21st day of October, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge
